RECEIVED
NOV - 9 2011
 . MOORE/CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JOSEPH REED, III     CIVIL ACTION NO: 10-0660

VERSUS     JUDGE DONALD E. WALTER

ANDY BROWN, ET AL     MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment to Limit Damages and Dismiss Claims Against Sheriff Andy Brown [Doc. #23] filed by Defendants[1] Andy Brown, Sheriff of Jackson Parish, and Deputy Jarrod Lenard, pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not file an opposition.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.""[2] Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be

---

[1] The Court acknowledges Defendants' motion as captioned; however, this motion is only considered as it regards the claims against Sheriff Andy Brown in his individual capacity.

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2. As Plaintiff has failed to timely file an opposition, all material facts set forth by the Defendants will be deemed admitted for purposes of this motion for partial summary judgment.

## DISCUSSION

Plaintiff, Joseph Reed III, filed a complaint against Andy Brown, Sheriff of Jackson Parish and Deputy Jarrod Lenard, pursuant to 42 U.S.C. § 1983. Plaintiff sues each of the Defendants in both their official and individual capacities. Plaintiff alleges that Jackson Parish Sheriff's deputies violated his civil rights through an unreasonable stop and search, unlawful arrest and unlawful imprisonment on April 23, 2009. Defendants contend, and Plaintiff has not contested, that bond was set shortly thereafter. However, Plaintiff remained incarcerated for four months and seeks damages resulting from his incarceration.

### Claims against Defendant Andy Brown in his Individual Capacity

The Supreme Court has consistently refused to hold municipalities liable under a theory of respondeat superior. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). That is to say that § 1983 does not give a cause of action based on the conduct of subordinates. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 693 (1978)). Rather, personal involvement is an essential element of a civil rights cause of action. *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).

Plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). This standard requires more than conclusional assertions. *Id.* Plaintiff has failed to provide any evidence that Sheriff Brown was personally involved in any of the factual circumstances giving rise to his complaint. Therefore, insofar as Plaintiff has sued Sheriff Andy Brown in his individual

capacity, those claims are dismissed.[3]

**False Imprisonment and Alleged Damages**

A false imprisonment ends once the victim becomes held pursuant to legal process - when, for example, he is bound over by a magistrate or arraigned on charges. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."[4] *Id.* (citations omitted). Defendants allege, with no opposition from Plaintiff, that bond was "set shortly after the day after plaintiff was arrested." Regardless of the exact date of Plaintiff's bond, damages cease to attach to any claims of false imprisonment once bond is set. Thus, Plaintiff's damages for false imprisonment will be limited by that date.

## CONCLUSION

For the reasons assigned herein, Defendants' motion for partial summary judgment to dismiss claims against Sheriff Andy Brown in his individual capacity and to limit damages based on false imprisonment is **GRANTED**. Plaintiff's claims against Sheriff Andy Brown in his individual capacity are **DISMISSED WITH PREJUDICE**. It is **SO ORDERED**, in Shreveport, Louisiana, this 9 day of November, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[3] Defendants fail to distinguish the claims against Sheriff Andy Brown in his individual capacity from those brought against him in his official capacity. To the extent Plaintiff has alleged claims against the Sheriff of Jackson Parish in his official capacity, those claims are not properly at issue in this motion [Doc. 23] and are therefore not dismissed.

[4] Similar to the petitioner in *Wallace*, this Court acknowledges that the instant Plaintiff did not allege malicious prosecution in his complaint.